Sun v. Holder

BIA
Weisel, IJ
A089 193 664

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:
>       JON O. NEWMAN,
>       RALPH K. WINTER,
>       REENA RAGGI,
>            *Circuit Judges.*

_____

HONG HUA SUN,

>       *Petitioner,*

>       v.                                    12-1001
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Kristin A.
                       Moresi, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Hua Sun, a native and citizen of the People's Republic of China, seeks review of a February 14, 2012, order of the BIA affirming the January 27, 2010, decision of Immigration Judge ("IJ") Robert Weisel, which denied Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Hua Sun*, No. A089 193 664 (B.I.A. Feb. 14, 2012), *aff'g* No. A089 193 664 (Immig. Ct. New York City Jan. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Sun challenges only the agency's denial of asylum and withholding of removal.

Contrary to Sun's contentions, as her applications are governed by the REAL ID Act of 2005, the agency reasonably denied asylum and withholding of removal based on her failure to corroborate her claim with letters from her husband and a former co-worker in Honduras. 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). Given Sun's concession that a letter from her husband was reasonably available, and as a statement from her husband would have been the only evidence corroborating her testimony that Chinese authorities were aware of her practice of Christianity, the agency reasonably determined that Sun failed to meet her burden based on this omission. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (noting that to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an applicant must demonstrate "that authorities in [her] country of nationality are either aware [or] likely to become aware of [her] activities"). Sun's contention that the agency was required to probe her explanation for the omission lacks merit, given her testimony that she was able to receive other mail from her husband in China. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (requiring

explanation for inconsistency to be more than plausible, i.e., "that a reasonable fact-finder would be *compelled* to credit [the] testimony" (emphasis in original)).

Similarly, given Sun's concession that a letter from a former co-worker was reasonably available, her argument that the letter was unnecessary because other evidence sufficiently corroborated her protected status lacks merit because the other letters and affidavits from pastors and parishioners failed to corroborate any details of her conversion or when she started attending religious services in Honduras. *See Chuiliu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009). Accordingly, her explanation for the omission of that letter – that she did not think to include it – is insufficient to compel a contrary conclusion. *Cf. Majidi*, 430 F.3d at 80-81.

As the agency's corroboration determination is dispositive of Sun's petition for review, 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C), we decline to consider her remaining arguments, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>